UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW FRADELLOS, on behalf of himself and all other persons similarly situated,<br>      Plaintiff<br><br>v.<br><br>D E & Z C CORPORATION, d/b/a Tiki In Restaurant,<br>      Defendant | Civil Action No. |

## COMPLAINT AND JURY CLAIM

Plaintiff brings this section seeking redress due to Defendant's violations of the Fair and Accurate Credit Transactions Act ("FACTA"), an amendment to the Fair Credit Reporting Act ("FCRA").

### Parties

1. Plaintiff Andrew Fradellos is an individual who at all relevant times has resided in Newton, Middlesex County, Massachusetts.

2. Defendant is a duly organized Massachusetts corporation which conducts a business in Watertown, Massachusetts known as the Tiki In Restaurant.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) and 15 U.S.C. §1681p (FCRA).

4. Venue in this District is proper because Defendant conducts business in the district and is deemed to reside in the district.

1

**Factual Allegations**

5. FACTA provides in pertinent part: "no person who accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. §1681c(g)(1).

6. FACTA's truncation requirements were enacted in 2003. For point-of-sale machines in use before January 1, 2005, merchants were given until December 4, 2006 to comply with the requirements. For point-of-sale machines first put into use after January 1, 2005, immediate compliance was required.

7. Defendant was organized as a Massachusetts corporation in 2011.

8. On information and belief, Defendant began operating the Tiki In restaurant in 2011.

9. At all times relevant to this action Defendant's restaurant has accepted Visa, MasterCard, Discover, and American Express credit and debit cards. As a condition of accepting such cards, Defendant was required to comply with each company's merchant rules and regulations.

10. The merchant rules and regulations for Visa, MasterCard, Discover, and American Express require, consistent with FACTA, that no more than the last four digits of an account number be printed on the customer's receipt.

11. On information and belief, Defendant received copies of merchant rules and regulations from Visa, MasterCard, Discover, and American Express and/or was otherwise aware of said rules and regulations.

12. From the time of FACTA's enactment through the present its truncation requirements have been widely publicized in the business community generally and among restauranteurs in

particular.

13. In May, 2007, the Federal Trade Commission issued a "business alert" designed to ensure that businesses were aware of and complied with FACTA's truncation requirements. The business alert was sent to 187 national trade associations for dissemination to its members, and at times relevant to this complaint has been posted on FTC's website. The alert has also been posted on the website of the Better Business Bureau.

14. On information and belief, Defendant's credit card and debit card processor provided Defendant with notice of FACTA's truncation requirements.

15. From the inception of Tiki In's operation through the present, Defendant knew of FACTA's truncation requirements with respect to credit card and debit card receipts and knew of the operating regulations of Visa, MasterCard, Discover, and American Express with respect to truncating credit card and debit card information.

16. On September 12, 2015, Plaintiff placed a take-out food order with Defendant's restaurant as a result of which he received an electronically-generated receipt which displayed all of the digits of Plaintiff's debit card used to make the purchase.

17. On July 31, 2016, Plaintiff placed a take-out food order with Defendant's restaurant as a result of which he received an electronically-generated receipt which displayed all of the digits of Plaintiff's debit card used to make the purchase.

18. A receipt showing all digits of a credit card number or debit card number can be used to make unauthorized purchases. As a result of Defendant's misconduct set forth above, Plaintiff was placed at great risk of financial harm.

## COUNT I

19. The allegations of paragraphs 1 – 18 are incorporated herein as if fully set forth.

20. Defendant recklessly and/or willfully violated 15 U.S.C. §1681c(g)(1), as a result of which Plaintiff and other consumers have been placed at great risk of financial harm.

### Class Allegations

21. Plaintiff brings this complaint on behalf of himself and a class of other persons similarly situated. The class consists of all persons to whom Defendant provided, at the point of a credit card or debit card sale or transaction which occurred on or after October 5, 2014, an electronically printed receipt which displayed more than the last five digits of the credit card or debit card used. Excluded from the class are Defendant and its current and former officers, employees, agents and attorneys. On information and belief, throughout the class period Defendant has engaged in at least fifty (50) credit card and debit card transactions per week, each of which resulted in the delivery to the customer of an electronically printed receipt displaying more than the last five digits of the customer's credit card or debit card number. Accordingly, the class is sufficiently numerous such that joinder would be impracticable.

22. There are questions of fact and law which are common to class members, and such common questions predominate over any questions which may affect individual members. The common questions include: (i) whether Defendant's business practice during all or part of the class period involved providing customers with electronically printed sales receipts displaying more than the last five digits of the credit card or debt card used in the transaction; (ii) whether Defendant violated FACTA; and (iii) whether Defendant's violations of FACTA were reckless and/or willful.

4

23. Plaintiff's claim is typical of that of class members. All claims arise from the same allegedly unlawful conduct, all are predicated on the same legal theory, and all seek similar relief.

24. Plaintiff will fairly and adequately represent the class. Plaintiff is committed to a vigorous and successful prosecution of this action, is familiar with the legal and factual issues involved, and has retained counsel experienced in the litigation of consumer class actions. Neither Plaintiff nor counsel have any interest or conflict which might cause either not to vigorously pursue this action.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since: (i) individual actions are not economically feasible; (ii) the prosecution of separate lawsuits by individual class members would entail the risk of inconsistent and conflicting adjudications; and (iii) there will be no unusual or extraordinary management difficulties in administering this case as a class action.

   WHEREFORE, Plaintiff prays that this Honorable Court enter judgment:

   a) Awarding Plaintiff and class members statutory damages of $100 to $1,000 per violation;

   b) Awarding reasonable attorney's fees and costs; and

   c) Awarding such further relief as shall be just and proper.

**Plaintiff demands trial by jury.**

**A,,**

ANDREW FRADELLOS, individually and on behalf of all others similarly situated, by his attorney:

*/s/Kenneth D. Quat*
BBO#408640
QUAT LAW OFFICES
929 Worcester Rd.
Framingham MA 01701
508-872-1261
ken@quatlaw.com